IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BLAIR-NAUGHTON, L.L.C., d/b/a
GOODLAND STEAKHOUSE DINER,

Plaintiff,

vs.                                    Case No. 06-1183-JTM

DINER CONCEPTS, INC., A Georgia
Corporation and DAVID H. BERNSTEIN,

Defendants.

MEMORANDUM AND ORDER

This matter arises from a dispute between the buyer and seller of a modular diner. The seller is defendant Diner Concepts, Inc.; the buyer is Blair-Naughton L.L.C. Blair-Naughton bought the diner for use in its business in Goodland, Kansas. Diner Concepts is a Georgia Corporation. Defendant David Bernstein is chief financial officer of Diner Concepts.

Blair-Naughton originally brought this action in Kansas state court; Diner Concepts removed the case. The matter is now before the court on defendants' motion seeking, alternatively, (a) dismissal of the case on the grounds of a lack of subject matter jurisdiction; (b) dismissal because venue is inappropriate in light of a forum selection clause in the Sales Contract between the parties; (c) transfer to Georgia pursuant to the doctrine of forum non conveniens and 28 U.S.C. § 1404; or (d) a stay under the doctrine of abstention recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Blair-Naughton is a limited liability company formed to buy and run the Goodland Steakhouse Diner in Goodland, Kansas.

Diner Concepts, Inc., has its only office in Atlanta, Georgia, and Diner Concepts performs work in Georgia. David Bernstein is the Chief Executive Officer of the company, and he has never been in Kansas. He has telephoned the state in connection with the defendant's business and acted in the state through agents.

In its response, Blair-Naughton argues that jurisdiction is appropriate in Kansas because of the extensive negotiations between the parties and the deliberate undertaking of Diner Concepts to make and transport to Kansas a highly-detailed modular diner. It also argues that the forum selection clause is permissive rather than mandatory, that transfer to Georgia is not warranted, and that the doctrine of federal abstention has no application as a tool to defer a prior state court claim removed to federal court by defendants in preference to defendants' own subsequent claim in second state.

The plaintiff further notes that the Sales Contract required significant work be performed in Kansas. It contends that the diner was not made to approved plans and specifications. Blair-Naughton alleges that Diner Concepts not only did not build the diner to plan, it intentionally sought to lull plaintiff into accepting the diner without a full inspection. Finally, the modular diner itself is located in Kansas, and plaintiff notes that seven material witnesses reside in Kansas.

In its reply, Diner Concepts narrows the issues, making an attempt to support its personal jurisdiction and abstention arguments, arguing solely that the court should enforce the venue clause or transfer the action pursuant to forum non conveniens.

2

The court finds that relief should not be granted as to the issues apparently abandoned by defendants.  The personal jurisdiction argument was always circumspect:  defendants did not argue that no personal jurisdiction could exist under these facts; they argued only that the plaintiff had failed as to which provision of the Kansas long-arm statute, K.S.A. 60-308(b) it was relying upon, (Dkt. No. 3, at 5), coupled with a reiteration of the venue selection clause.  (Id. at 6).  Subsequent to the motion to dismiss, Blair-Naughton has specified that the case is appropriate here as to Bernstein under § 60-308(b)(2) for commission of a tortious act in Kansas for alleged knowing misrepresentations as to the compliance with plans and specifications, and as to Diner Concepts under (b)(5) for entering into a contract to be performed in Kansas.  Blair-Naughton argues that the circumstances of the case render jurisdiction constitutionally appropriate.

Even in the absence of the apparent abandonment of the argument, the court would agree. Given the nature and extent of the defendants' actions, personal jurisdiction in Kansas is consistent with due process.  *See Marcus Food Co. v. Family Foods of Tallahassee, Inc.*, 729 F.Supp. 753, 757-58 (D. Kan. 1990).  Similarly, the defendants' abstention argument is without merit. Defendants have cited no authority which would authorize the defendants to use the federal doctrine as means of defeating a previously filed state claim as a means of gaining priority for their own subsequently filed state court claim. That is, the court can find no authority approving the use of the doctrine as a lever to derail a first-in-time state court action in favor of the defendant's secondary and subsequent state court action.

With respect to the remaining issues, Diner Concepts greatly overstates the strength of the language in the venue selection clause.  At most Paragraph 6.01 provides that the parties agreed that

disputes concerning the agreement could be brought in the courts of Fulton County, Georgia.  The agreement is permissive, not exclusive.

The agreement provides:

JURISDICTION AND VENUE.  The Parties agree and acknowledge that a substantial part of the negotiations, research and execution of this Agreement occurred in Fulton County, Georgia, and that, therefore, without limiting the jurisdiction or venue of any other federal or state courts, each of the parties irrevocably and unconditionally;

(a) agrees that any suit, action or legal proceeding arising out of or relating to this Agreement may be brought in the courts of record of the State of Georgia in Fulton County or the District Court of the United States, Northern District of Georgia;

(b) consents to the jurisdiction of each such court in any suit, action or proceeding, and

(c) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts....

(Sales Contract, Paragraph 6.01)

Diner Concepts argues in its reply that the venue selection clause is in fact exclusive rather than permissive, that the consent to be sued "is meaningless" if it means that Blair-Naughton can nevertheless sue in Kansas, and that the purpose of the court is to give meaning rather than meaninglessness to contracts.

Diner Concepts misreads the contract.  The venue clause in question merely provides that each of the parties agreed they would not actively oppose any an action in Fulton County on the basis of jurisdiction or venue; it does not mean that they would forswear bringing another action elsewhere. If anything, it is Diner Concepts which would render the contract language meaningless: its attempt to manufacture an exclusive clause where it does not really exist would have the effect

of nullifying the explicit language that the agreement to Fulton County venue was made "without limiting the jurisdiction or venue of any other federal or state courts."

The term "exclusive" is a perfectly good word; if Diner Concepts wished to bar any suits regarding the contract outside of Fulton County, it should have used that or some other comparable term. It did not do so, and the court finds nothing in the contact to bar the present action.

Diner Concepts next argues that, if the court does not enforce Paragraph 6.01 in a manner to bar this action, the circumstances of the case support transfer of the matter to Georgia pursuant to the doctrine of forum non conveniens, noting the private and public factors relating to the doctrine as set forth in *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 605 (10th Cir. 1998). Applying those factors, Diner Concepts stresses the distance between Goodland and Wichita, Kansas (325 miles), that Georgia law governs the matter, and the existence of the venue selection clause.

> The private interest factors to be considered are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for compelling attendance of witnesses; (3) cost of obtaining attendance of willing non-party witnesses; (4) possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious and inexpensive. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The public interest factors include: (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law. *See id.* at 508-09, 67 S.Ct. 839.

*Gschwind*, 161 F.3d at 606.

The court has broad discretion under 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens in determining whether to transfer a case, and the court finds that no transfer should issue. Further, there is a strong presumption in favor of hearing the case in plaintiff's chosen forum.

*Id.*  This presumption is overcome "only when the private and public interest factors clearly point towards trial in the alternative forum."  *Piper Aircraft v. Reyno*, 454 U.S. 235, 256 (1981)

None of the private or public factors strongly or even substantially supports transfer.  As plaintiff notes, the diner itself was not constructed in Georgia but in Alabama.  Plaintiff noted in its response that — other than Bernstein — the defendant had not identified any witness from Georgia. Defendants in their reply supply no information regarding any such Atlanta witnesses.  And while the distance from Goodland to Wichita is not inconsiderable, it remains far shorter than the distance between Goodland and Atlanta.  The court simply cannot say in light of the facts presented to it that Atlanta would be a markedly more convenient forum than Wichita.  The defendants have failed to meet its burden to show the desirability of transfer.

IT IS ACCORDINGLY ORDERED this 17th day of November, 2006 that the defendants' Motion to Dismiss, Stay, or Transfer (Dkt. No. 2) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE