# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAIR-NAUGHTON, LLC, <br> d/b/a Goodland Steakhouse Diner, <br> <br> Plaintiff, <br> <br> v. <br> <br> DINER CONCEPTS, INC., and <br> DAVID H. BERNSTEIN <br>     Defendants and <br>     Third-Party Plaintiffs, <br> <br> v. <br> <br> WILKINS MOBILE BUILDERS, INC., <br> d/b/a WILKINS BUILDERS, INC., <br> <br>     Third-Party Defendant. | Case No. 06-1183-JTM |

## MEMORANDUM AND ORDER

The following motions are now before the Court:

1) Defendants' Motion to Amend First Amended Answer (Doc. 81), to which no response and/or reply was filed.

2) Plaintiff's Motion to Amend Complaint (Doc. 91, sealed[1]), Memorandum in Response filed by Defendants

---

[1] Upon the Court's Order (Doc. 94), Plaintiff's motion (Doc. 91) and supporting memorandum (Doc. 92) were sealed. Plaintiff's supporting memorandum was subsequently refiled (Doc. 102) with redacted exhibits. The Court will, therefore, cite to the refiled memorandum (Doc. 102) in this Order.

>Diner Concepts, Inc. and David H. Bernstein (Doc. 100),
>Responsive Memorandum filed by Third-Party
>Defendant Wilkins Mobile Builders, Inc. (Doc. 101), and
>Plaintiff's Reply Memorandum (Doc. 103).

The Court, having carefully reviewed the parties' briefs and attachments, is prepared to rule on these motions.

## BACKGROUND

Plaintiff filed a state court petition in Sherman County, Kansas, District Court, Case No. 06-CV-23, against Defendants Diner Concepts, Inc. and David H. Bernstein. (Doc. 1, Attachment 1.) Plaintiff brought causes of action for breach of contract, breach of warranties, and fraud resulting from a contract for Defendants to construct, deliver, and install a diner for Plaintiff for a purchase price of $537,500.00. (*Id.*) The matter was removed to federal court on June 23, 2006. (Doc. 1.) Defendants filed their First Amended Answer on January 3, 2007. (Doc. 21.) That filing also included counterclaims for breach of contract, unjust enrichment, defamation, and tortious interference with business relations, as well as a Third-Party Complaint by Diner Concepts against Wilkins Mobile Builders, Inc. claiming breach of contract and fraud. (*Id.*)

Individually-named Defendant David Bernstein has been the sole shareholder of Defendant Diner Concepts, Inc. ("Diner Concepts") since its inception. (Doc. 102, at 2.) His wife, Diane Bernstein, was listed as Diner

Concepts' Chief Financial Officer and Secretary.  (*Id.*)  She was also appointed a director of Diner Concepts.  (*Id.*, at 3.)

The Court's Revised Scheduling Order of March 21, 2007, set a deadline of April 16, 2007, to file any motion for leave to join additional parties or otherwise amend the pleadings.  (Doc. 41, at 6.)  That deadline was altered in the Court's Second Revised Scheduling Order, dated May 31, 2007.  (Doc. 48.)  Plaintiff had requested additional time until after the deposition of Mrs. Bernstein to determine whether to add her as an additional party.  That deposition, because of medical reasons, did not occur until August, 2007.  (*Id.*, at 5-6.)  Plaintiff was given until August 31, 2007, to file "any motion for leave to join Mrs. Bernstein as a party."  (*Id.*, at 6.)

On August, 31, 2007, Plaintiff moved the Court for an Order allowing it to amend its Complaint  to add claims against Diane Bernstein resulting from the alleged breach of her fiduciary duties as an officer and director of Diner Concepts. and also to add the legal theory of breach of contract against David Bernstein and Diner-Mite Diners, Inc. (Diner-Mite), on the theory of piercing the corporate veil.  (Doc. 102, 5-9.)  Defendants Diner Concepts and David Bernstein consented to an amended complaint adding Diner-Mite as an additional defendant based on Plaintiff's theory that Diner-Mite is the alter ego of Diner Concepts.  (Doc. 100, at

3

1.)  They also did not object to adding the additional legal theory against David Bernstein.  (*Id*.)

Third-party Defendant Wilkins Mobile Home Builders ("Wilkins"), however, objects to these proposed amendments, arguing they change the character of the case, would require additional discovery, and would result in "undue delay and prejudice."  (Doc. 101, at 2, 6-7.)  Further, Wilkins argues that the deadline to amend relating to any existing or potential party other than Diane Bernstein expired on April 16, 2007.  (*Id*., at 2.)  Therefore, Wilkins argues, Plaintiff's motion should be construed as a motion to modify the scheduling order, requiring a showing of "good cause."  (Doc. 101, at 3.)

Plaintiff replies that these proposed amendments would not "change the legal theories" in the case and "would in no way expand discovery, or otherwise complicate the case."  (Doc. 103, at 2.)  Further, Plaintiff states that the parties affected by these proposed amendments, named Defendants Diner Concepts and David Bernstein, have consented thereto.  (*Id*.)

On the other hand, Wilkins consents to adding Diane Bernstein as a party, while Defendants Diner Concepts and David Bernstein object to this proposed amendment.  Defendants argue that Diane Bernstein did not breach her fiduciary duties to Diner Concepts' creditors and that a claim against her "would be subject

to dismissal if the Complaint were filed." (Doc. 100, at 4-5.)  Plaintiff replies that whether Diane Bernstein breached her fiduciary duties is a fact question and, thus, is irrelevant to a motion to dismiss.  (Doc. 103, at 3.)

## DISCUSSION

**I.      Plaintiff's Motion to Amend**.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

In this case, the Court previously set a deadline of April 16, 2007, to join parties or otherwise amend the pleadings.  (Doc. 41, § III. a.)  Upon Plaintiff's request for additional time, Plaintiff was given until August 31, 2007, to file "any motion for leave to join Mrs. Bernstein as a party." (Doc. 48, § III. a.)  Plaintiff did not request, and the Court did not allow, additional time beyond April 16, 2007, to join other parties or otherwise amend the pleadings.  Thus, the deadline for filing motions to amend or add parties other than Mrs. Bernstein expired

approximately four and a half months before Plaintiff's present motion to amend was filed. Accordingly, to the extent Plaintiff's motion deals with potential claims against Diner-Mite and/or David Bernstein, the Court will treat it as a motion to amend the Scheduling Order to allow the late filing of an amended complaint. *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

    **A.**    **Motion to Amend Regarding Diane Bernstein**.

Plaintiff requested, and received, additional time to move to amend to add Diane Bernstein as a party. Plaintiff filed the present motion within the Court's revised deadline. Therefore, unless a party opposing this motion can establish futility of the proposed amendment, leave to amend should be freely given by the Court. ***Foman***, 371 U.S. at 182, 83 S.Ct. at 230.

Defendants contend that the proposed claims against Diane Bernstein would be subject to dismissal because "[t]here is no evidence of any misappropriation of corporate assets" by her and no allegation that she "received a 'preferential transfer' of a corporate asset to the detriment" of corporate creditors. (Doc. 100, at 4-5.) Plaintiff responds that whether Mrs. Bernstein received preferential payments would be a question of fact and, thus, not an appropriate inquiry in any

potential motion to dismiss. (Doc. 103, at 3.) Further, Plaintiff contends that Mrs. Bernstein's testimony of non-involvement in the corporate affairs equates to gross negligence, which is a recognized basis for imposing liability on a corporate officer under Georgia law. (*Id.*, at 4, citing **McEwen v. Kelly**, 79 S.E. 777, 779 (1913).)

In considering this portion of Plaintiff's motion, the Court is mindful of the lenient standards to be applied to motions to amend. *See* **Becket ex rel. Continental Western Ins. Co. v. U.S.**, 217 F.R.D. 541, 543 (D.Kan. 2003). Given these standards, the Court cannot, given the arguments and evidence presented, agree that Plaintiff's proposed claims regarding Diane Bernstein would be subject to dismissal or would be futile. As such, Plaintiff's Motion to Amend is **GRANTED** to the extent it seeks to add claims against Diane Bernstein.

**B.     Motion to Amend Regarding Diner-Mite and David Bernstein**.

As stated above, this portion of Plaintiff's motion will be considered a motion to amend the scheduling order, rather than a motion to amend the Complaint. Amendments to the Scheduling Order are not freely given. Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause," the moving party must show that the scheduling order's deadline could not have been met with diligence. **Denmon v. Runyon**, 151 F.R.D.

404, 407 (D. Kan. 1993).  Lack of prejudice to the nonmovant alone does not establish good cause.  ***Deghand v. Wal-Mart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

Plaintiff contends that the new claims at issue "are based upon the information obtained in the deposition of Diane Bernstein and the responses to the document production requests." (Doc. 102, at 2.)  Also, as stated previously, currently named Defendants David Bernstein and Diner Concepts consent to adding Diner-Mite as an additional Defendant and do not object to the additional theory of recovery Plaintiff seeks to bring against David Bernstein.  (Doc. 100, at 1.)  According to Bernstein and Diner Concepts, "the legal issues raised by the proposed amended pleading are well-known to defendants and there are no new discovery issues added to the case by the motion." (*Id*., at 2.)

Third-Party Defendant Wilkins, however, disagrees with this assessment and objects to these portions of the proposed amendment.  Wilkins contends that adding Diner-Mite as a party and an additional count against David Bernstein "at this late stage in the litigation will result in undue delay and prejudice . . ." (Doc. 101, at 2.)  Wilkins argues that Plaintiff has failed to establish the element of "good cause" required by Rule 16 to amend the Scheduling Order.  According to Wilkins, Plaintiff

8

> should have foreseen the possibility of attempting to hold
> David Bernstein liable in his personal capacity for the
> actions of Diner Concepts. Additionally, [Plaintiff]
> should have known from the beginning that Diner-Mite
> Diners could become a potential defendant in the action,
> because [Plaintiff] admitted that it made a portion of its
> payments for the diner that is the subject of this action to
> Diner-Mite Diners instead of Diner Concepts.

(Doc. 101, at 4-5.) Wilkins points out the fact that Plaintiff "made no attempts to request additional time to determine if it would add Diner-Mite Diners as a party or add counts against David Bernstein." (*Id*., at 5.) According to Wilkins, this equates to a "lack of due diligence," thus a lack of good cause, by Plaintiff. (*Id*.)

Wilkins also argues that it will be subject to prejudice if the Court grants Plaintiff's motion. Wilkins generally contends that Plaintiff's proposed amendments constitute "substantive changes to this case" which equate to "a change of tactics and theories" by Plaintiff. (Doc. 101, at 6.) Wilkins states that such a "shift" would necessitate additional discovery that could not be completed within the deadline set by the Court.[2] (*Id*.) Wilkins does not, however, indicate why it could not also have foreseen the requested changes, which it argues should have been anticipated by the other parties. Wilkins does not state what additional discovery would be necessary, nor does it explain how the proposed changes to the

---

[2] The Court notes that the discovery deadline in this case expired on September 28, 2007. (Doc. 48.)

9

case are "substantive."  In fact, Wilkins does not describe in any manner how it even would be affected by the requested amendments.

These issues are, however, apparent to the Court from a review of the parties' proposed Pretrial Order.  It appears to the Court that if Plaintiff is allowed to add Diner-Mite as a party, Diner-Mite will undoubtedly bring a third-party claim against third-party Defendant Wilkins.  This may obviate Wilkins' claim that Diner Concepts does not have standing to sue Wilkins because Wilkins' contract was with Diner-Mite rather than Diner Concepts.  This may also obviate any issue regarding whether Diner-Mite was acting as an agent for Diner Concepts when it contracted with Wilkins.  It may also remove any issues regarding the effect of Diner-Mite's assignment of its rights against Wilkins to Diner Concepts.

Plaintiff has represented that the new claims in the proposed amended complaint are based on information that was obtain in the deposition of Diane Bernstein.  That deposition was delayed for some time due to her health.  Wilkins does not directly dispute Plaintiff's allegation, but merely argues that Plaintiff should have known about the possibility of these claims much earlier and should have asked specifically for an extension of time to assert such claims as it did concerning claims against Diane Bernstein.  After considering all the arguments, the court finds that, while the issue is a close one, Plaintiff has shown sufficient

good cause to modify the deadline for joining parties which was set in the scheduling order. Therefore, Plaintiff's Motion to Amend is **GRANTED** to the extent it seeks to add new claims against David Bernstein and to add Diner-Mite Diners, Inc. as an additional Defendant. By joining this new defendant and new claim against a present defendant, all potential claims against all potential parties can be resolved on the merits in a more efficient and timely manner in this action rather than leaving issues to be resolved in a new lawsuit in the future.

**II.     Defendants' Motion to Amend Answer**.

Prior to Plaintiff's Motion to Amend Complaint, Defendants filed their Motion to Amend First Amended Answer. (Doc. 81.) Defendants stated that they inadvertently and incorrectly admitted that Defendant David Bernstein's wife, Diane Bernstein, was a shareholder of Defendant Diner Concepts, Inc. (Doc. 82, at 1.) Thus, Defendants requested an Order allowing that portion of ¶ 16 of their First Amended Answer to be corrected to admit only that David Bernstein was a shareholder of the stated corporation. (*Id*., at 1-2.) As stated previously no party responded to Defendants' motion, and the time to do so has expired. D.Kan. Rule 6.1 (d)(1).

As previously noted, *supra* at 5, Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. Further, "[i]f a respondent

fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4. Because no response was filed, Defendants' Motion to Amend First Amended Answer is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 91) is **GRANTED**. The Amended Complaint in the form attached to the motion shall be filed within 10 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend First Amended Answer (Doc. 81) is **GRANTED**. Since the Court has granted Plaintiff's Motion to Amend Complaint, Defendants are directed to make the requested changes when they file their Answer to Plaintiff's Amended Complaint, rather than filing an additional Amended Answer to the original Complaint. All existing defendants shall file their answers to Plaintiff's Amended Complaint within the ten (10) day period provided in Fed. R. Civ. P. 15(a).

After the amended pleadings have been filed and appropriate responses filed, the Court will set a telephone conference with counsel to discuss whether any additional discovery is required as to the new issues and new defendant and, if so, how long it will take to accomplish such discovery. Any party seeking additional

discovery should be prepared to identify its proposed discovery with specificity and to propose a timetable for completing that discovery.  Also, counsel[3] should meet and confer about any changes which will need to be made in the proposed Pretrial Order in this case and they should be prepared to address those changes at the telephone conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 28th day of November, 2007.

 s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[3] The court notes that new counsel have just entered their appearance for Defendants David Bernstein and Diner Concepts, Inc.  (Doc No.'s 111 & 112.)  The court is not aware of whether separate counsel will enter on behalf of the new defendant, Diner-Mite.