IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. NAUGHTON,
Trustee of the Brian Naughton Insurance
Trust No. 1,

        Plaintiff,

vs.

Case No. 06-1183-JTM

DINER CONCEPTS, INC., and DINERMITE
DINERS, INC., Georgia Corporations, and
DAVID H. BERNSTEIN,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff Blair-Naughton L.L.C.[1] purchased a modular diner from the defendants Diner Concepts, Inc., Dinermite Diners, Inc., and David Bernstein for delivery, installation and construction in Goodland, Kansas. The plaintiff brought the present action against the defendants contending that the diner did not meet the standards required by the contract. The plaintiff's claim includes claims for breach of contract warranty. The matter was tried to a jury beginning August 5, 2008. The jury concluded that the defendants were liable to plaintiff in the amount of $717,660.80 on the contract claim and $900,000.00 on the warranty claim. The defendants have subsequently

---

[1] The plaintiff in the present action has been the Blair-Naughton limited liability company. However, the court has recently granted plaintiff's Motion to Substitute Party (Dkt. No. 206), naming as plaintiff Michael Naughton as Trustee of the Brian Naughton Insurance Trust No. 1, and the caption of the action has accordingly been amended. (Dkt. No. 208)

filed a motion seeking judgment as a matter of law or to alter and amend the judgment, or for a new trial. (Dkt. No. 203).

The court should grant judgment as a matter of law under Fed.R.Civ.P. 50(b) only if there is no legal basis for the jury's findings exists in the evidence. *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 244 F.Supp.2d 1250, 1256 (D.Kan.2003).  Similarly, the court will grant relief under Fed.R.Civ.P. 59(e) "only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir.1997). Finally, a motion for new trial may be granted under Rule 50 or 59 if the court finds the verdict is against the weight of the evidence, prejudicial error has occurred, or the trial has not produced substantial justice. *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 637 (10th Cir.1988).

The defendants contend that the jury's verdict as to the amount of damages was erroneous as a matter of law. As to damages, the court instructed the jury in Instruction 18:

> If you find that Diner Concepts breached the Sales Contract, you must consider the amount of damages to award.
> Generally, the damages for a breach of contract is the difference between the contract price and the fair market value of the property at the time and place for delivery.
> Alternatively, if the fair market value of the actual diner is less than its value if it had been delivered as promised, the Plaintiff may recover as damages the actual cost required to bring the diner up to the level it would have been if delivered as promised.

In Instruction No. 19, the jury was instructed:

> If you find that Diner Concepts breached the express warranty of freedom from defect, you must consider the amount of damages to award for breach of warranty.
> In this case the measure of damages for breach of warranty would be the difference in value between the diner as built and the value diner would have been if it were built in compliance with the warranty.

The jury was correctly instructed as to the standards for damages under Georgia law. Substantial evidence supports the jury's verdict, and the court finds no basis for the relief sought by the defendants' motion. Specifically, the court finds that substantial evidence supports the jury's findings as to the amount of damages returned against the defendants. A reasonable jury could have reached a similar conclusion as to the amount of damages, and the court will not grant judgment as a matter of law in favor of defendants.

The defendants note the general rule under Georgia law is that the measure of damages in a contract action is the purchase price, less the value of the product delivered, but if the property "cannot be reasonably repaired, the measure of damages is 'the property's value as diminished by irremediable defects . . . deducted from the value of the house as it should have been completed according to the contract." *City of Atlanta v. Conner*, 262 Ga.App. 423, 425, 585 S.E.2d 634 (2003) (*quoting Ray v. Strawsma*, 183 Ga.App. 622, 624, 359 S.E.2d 376 (1987)). *See also Ray v. Strawsma*, 183 Ga.App. 622, 359 S.E.2d 376 (1987); *Small v. D. J. Lee & Brothers*, 4 Ga.App. 395, 61 S.E. 831 (1908). However, this Georgia rule is applied where the builder substantially complies with the terms of the contract. *See Small*, 61 S.E. at 832 (noting that requirement of compliance with specifications may be unfair "where there has been a substantial compliance by the contractor with the terms of the contract, and the house as built is practically suited to the uses intended, there being only a slight deviation in finishing the house in the mode agreed upon"). Here, there is substantial evidence from which a rational fact-finder could conclude that the diner as delivered wholly failed to meet the requirements of the buyer, and their compliance, far from being substantial, was in fact willfully and materially deficient.

The amount required to repair a deficient building is an appropriate measure of damages under Georgia law. "The actual cost of completing the items, or the estimate of the cost for doing so by people in the business, is much more likely to represent the true damage suffered from the failure of the seller to complete his contract than would the opinion of an expert in real estate as to the difference in values." *Mabry v. Henley*, 181 S.E.2d 884, 889 (Ga. Ct. App. 1971).

> It is true that the measure of damages in these cases of alleged breach by the contractor is the difference in the value of the house as completed by the contractor and the value of the house as it ought to have been finished under the terms of the contract. However, this is the measure of damages; but *proof* of such value difference is a different matter. This difference in value may be illustrated by the reasonable cost of repair of defects that is, by deducting from the contract price the sum which would be required to complete the house according to the contract. Thus, the sum required to make the [building] conform to the specifications fixed by the contract is generally the measure of damages (different [sic] in value as contracted for and as delivered), but the object of such evidence is to enable the jury to reach a verdict reflecting the difference in value. Value may be shown by the testimony of experts, or by other testimony as to the nature of the injuries sustained and as to the material and labor supplied; and testimony as to the actual cost is admissible, such cost being a circumstance which may be considered by the jury in determining such value, under their right to weigh all the facts and circumstances bearing upon that question, and to form their own judgment on the data in evidence.

*Ray*, 183 Ga.App. at 622-623; 359 S.E.2d at 377 (citations, internal quotations, brackets, ellipsis omitted; emphasis in *Ray*).

Here, the core of the defendants' argument is their contention that there was no evidence of the fair market value of the diner as it was delivered in Goodland, Kansas. The defendants argue that under Georgia law, the plaintiff cannot recover more than the contract price, and that there was no substantial evidence to support the jury's determination that the diner had essentially no market value.

Thus, defendants argue that "common sense dictates that the diner, as delivered, has some value," and that the diner was ultimately "not closed by any governmental entity" but "because it was not making money." (Dkt. No. 203 at 14). The defendants' argument is one which requires reweighing the evidence, and the court will not do so since substantial evidence supports the jury's findings. Evidence was submitted at trial showing there were substantial structural defects in the diner. Unlike the residential house in the case cited by defendants, *Hutto v. Shedd*, 181 Ga.App. 654, 353 S.E.2d 596 (1986), the diner here is a commercial restaurant enterprise in an industrial zoned area adjacent to an interstate highway. Nor has the plaintiff, as in *Hutto*, offered merely a conclusory assertion that the property is "worthless." Rather, there is substantial evidence that the diner as delivered wholly failed to comply with the contract specifications, that the diner would have to be almost completely rebuilt. The diner was designed in a specific style not readily adaptable for other uses. If it could not make money as a restaurant, it had no residual value, and in the absence of evidence showing any substantial salvageable return, the jury could reasonably conclude the property as delivered was without value.

Substantial evidence supports the findings of the jury. Contrary to the argument of the defendants, there was evidence from which the jury could have reasonably awarded the damages set forth in the verdict. The plaintiff submitted the evidence from an architect, Glen Strait, showing that the diner utterly failed to meet the standards of the contract, and was so poorly constructed as to require complete rebuilding. Strait estimated that rebuilding to produce a compliant diner would cost $717,660.80. Further, defendant Bernstein himself admitted in his testimony that the construction of a diner compliant with the plaintiff's interpretation of the contract would cost between $800,000.00 and $900,000.00. The jury's verdict was consistent with the evidence.

The defendants argue that plaintiff may not recover any amount in excess of the contract price, and that any recovery in excess of that amount is a windfall. The court finds that this argument is without merit. Here, the plaintiff has recovered the value of the diner it would have received if it had been delivered consistent with the intention of the parties and free of defect. That valuation is consistent with the testimony of plaintiff's expert and defendant Bernstein. Under Georgia law, "[t]he amount of reasonable costs to repair is circumscribed by the fair market value of the property and the contract price, because the owner cannot be placed in a better position than if the contract had not been breached." *Magnus Homes L.L.C. v. DeRosa*, 248 Ga.App. 31, 232, 545 S.E.2d 166, 167 (2001). Here, the plaintiff has not been placed in "a better position than if the contract had been not been breached" since it is merely receiving damages equivalent to what Bernstein himself testified a full "Happy Days" diner would be worth. Further, the limitation on repair costs acknowledged in *Magnus Homes* has application "where the builder has substantially complied with contract terms and alleged defects amounted to only slight deviation which did not affect the use of the house for its intended purposes". *Id.* at n.4 (citing *Small*). In this case the deviation was so substantial that the jury could reasonably determine that the diner as delivered had no value to the plaintiff.

For the reasons stated above, the court finds that the defendants are also not entitled to the alternative relief sought, either by means of altering or amending the judgment or of a new trial. The standards for such relief has been set forth earlier in this opinion. The court finds that relief is not appropriate given the evidence cited. Further, the court finds no windfall has accrued to the plaintiff, as it has merely obtained the value of the diner it contracted for. No remittitur is warranted.

In connection with their motion for new trial, the defendants also argue that parol evidence

6

should not have been introduced in the case, as the Sales Contract between the parties was unambiguous. (Dkt. No. 203, at 24-25). The argument is without merit. The evidence was properly introduced precisely because the exact nature of the diner to be constructed was not clear from the text of the agreement. Although the contract calls for a "Happy Days" diner, this term is not self-explanatory, and evidence was accordingly properly admitted to reveal what the parties intended by this term.

Finally, the defendants speculate (Dkt. No. 203 at 25-26) that the verdict was a product of jury inflamed by evidence as to a failed business. Specifically, the defendants note that the court granted their motion (Dkt. No. 176) to exclude certain testimony as to the amount of lost profits suffered by the plaintiff, certain evidence was presented to the jury in the form of the history and operations of the diner. The evidence was admitted to show the general nature of the business and how the diner operated and ultimately failed. Consistent with the court's ruling on the motion in limine, no evidence of the amount of lost profits was introduced. The jury was specifically instructed that it should render a verdict based solely on the evidence.

IT IS ACCORDINGLY ORDERED this 19th day of December, 2008, that the defendants' Motions for Post-Trial Relief (Dkt. No. 203) are denied for the reasons stated herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE